STATE v. ANDREW LEO OKSANEN.

249 N. W. 2d 464.

January 7, 1977—No. 46307.

C. Paul Jones, State Public Defender, for appellant.

Warren Spannaus, Attorney General, Richard G. Mark, Assistant Attorney General, Richard G. Evans, Special Assistant Attorney General, and Helen Hill Blanz, County Attorney, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of simple robbery, Minn. St. 609.24, and was sentenced by the court to a maximum indeterminate term of 10 years at the State Prison. Defendant appeals from judgment of conviction, and we affirm.

There is no merit to the defendant's contention that the trial court erred in permitting in-court identification of him by the victim and another witness. Defendant's contention is twofold. First, he claims that the public defender who represented him at the lineup did not give him effective assistance of counsel because he had a potential conflict of interest as assistant attorney for the city that employed the policemen aiding in the lineup. We need not consider this issue because the prosecution had not yet been formally commenced at the time of the lineup and therefore defendant did not have a right to have counsel, let alone effective counsel, assist him at the lineup. See, Kirby v. Illinois, 406 U. S. 682, 92 S. Ct. 1877, 32 L. ed. 2d 411 (1972).

Defendant's second contention is that his right to due process was violated when he was initially identified at a one-person showup preceding the lineup. Under Neil v. Biggers, 409 U. S. 188, 93 S. Ct. 375, 34 L. ed. 2d 401 (1972), the test in determining the admissibility of in-court testimony allegedly tainted by suggestive identification procedures is whether, under the totality of the circumstances, the procedures created a "substantial likelihood of irreparable misidentification." We hold that in this case there was no such likelihood of misidentification.

The other main issue raised by defendant is whether as a matter of law there was insufficient evidence that he used force or threatened to use force to overcome the victim's resistance. The specific act allegedly committed by defendant was taking the victim's wallet. The victim testified that in taking the wallet defendant grabbed him and pushed him, causing him to fall. This testimony was sufficient on this point. See, Advisory Committee Comments to Minn. St. 609.24, 40 M. S. A. p. 283.

Affirmed.