STATE of Minnesota, Respondent,

v.

Willie Mack SPANN, Appellant.

No. 48942.

Supreme Court of Minnesota.

Nov. 16, 1979.

C. Paul Jones, Public Defender, and Kathy A. King, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

SHERAN, Chief Justice.

Defendant was found guilty by a district court jury of one count of aggravated robbery and two counts of aggravated assault and was sentenced by the trial court to a maximum term of 1 to 20 years in prison for the robbery conviction with two additional but concurrent terms of 5 years each for the assault convictions. On this appeal from judgment of conviction defendant contends that (1) the identification procedures used by the police were so unnecessarily suggestive as to create a very substantial likelihood of irreparable misidentification, thereby rendering eye witness identification testimony inadmissible, (2) that the trial court erred in refusing to instruct the jury that eye witness identification testimony is inherently "dangerous," (3) the evidence of his identity as the robber was legally insufficient, and (4) his multiple convictions and/or sentences violate the double jeopardy clause of the Federal constitution, Minn.St. 609.04 and Minn.St. 609.035. We affirm the convictions, but, in view of the state's concession that the two concurrent sentences are superfluous, we vacate the two concurrent sentences for the assault convictions.

■■■ 1. Defendant's first contention is that the identification procedures leading to his identification by the victims were impermissibly suggestive. The test which we apply is that mandated by the United States Supreme Court in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and explicated in *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). This test requires us to determine whether the identification procedures used were so impermissibly suggestive as to create a "very substantial likelihood of irreparable misidentification." The test focuses on the reliability of the identification, and a number of factors are considered (along with the suggestiveness of the identification procedures used) in determining whether there was a "very substantial likelihood of irreparable misidentification." [1] Applying this test, we conclude, as the trial court did, that there was no "very substantial likelihood of irreparable misidentification." We note, however, our belief that eye witness identification made upon fleeting or limited observation at the time of a crime is not reliable and in the absence of

1. See, *State v. Cobb*, 279 N.W.2d 832 (Minn. 1979), where we discuss the different approach used when the admissibility of the identification testimony is challenged on the ground of a violation of a defendant's right to have counsel present at a postaccusation lineup.

408

corroboration should not be the basis for conviction.

2. Defendant's next contention is that the trial court erred in refusing to give a requested cautionary instruction to the effect that all eye witness identification testimony is "dangerous." Defendant does not cite any cases as requiring such an instruction and we do not believe such an instruction is needed. The cautionary instruction provided in *State v. Burch*, 284 Minn. 300, 170 N.W.2d 543 (1967)—see, CRIMJIG 3.16—is adequate. Such an instruction was given here.

3. Defendant's third contention is that the evidence identifying him as one of the robbers was legally insufficient. There is no merit to this. The state's evidence included positive identification of defendant by the two victims and evidence that a coat stolen from one of the victims was found and seized during a warranted search of defendant's residence.

4. Defendant's final contention is that his multiple convictions and/or sentences violated the double jeopardy clause of the Federal constitution, Minn.St. 609.04 or 609.035.

(a) The applicable double jeopardy test is the so-called *Blockburger* test—see, *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Under this test, if each of two crimes requires proof of an additional fact that the other does not, then the offenses are not the same for double jeopardy purposes and multiple convictions are proper, notwithstanding a substantial overlap in the proof offered to establish the crimes. Since aggravated robbery, Minn.St. 609.245, and aggravated assault with a dangerous weapon, Minn.St. 609.225, subd. 2, are not necessarily included in each other, they are not the same offenses for double jeopardy purposes.

(b) For the same reason, we hold that § 609.04, which bars convicting a defendant of both a greater and an included offense, does not bar either of the aggravated assault convictions.

(c) Defendant's final related contention is that his multiple sentences were barred by § 609.035, which bars multiple punishment of a defendant for multiple offenses, arising from a single behavioral incident. Here the trial court sentenced defendant to three concurrent sentences even though he believed and stated his belief that all the offenses arose from the same behavioral incident. Since then we have held—see, *State v. Idowu*, 272 N.W.2d 354 (Minn.1978)—that even concurrent sentences technically constitute multiple sentences for purposes of § 609.035. While both assaults probably should be deemed to have arisen from the same behavioral incident as the robbery, this probably would not have prevented the trial court from concurrently (or consecutively) sentencing defendant for at least one of the assaults under the rationale of those cases in which we have upheld multiple sentences in multiple victim cases, at least where the multiple sentencing does not unfairly exaggerate the criminality of the defendant's conduct. See, *State v. DeFoe*, 280 N.W.2d 38 (Minn. 1979). However, we need not decide this point because the state in its brief indicates that it does not oppose the vacation of both the concurrent sentences for the assaults.

Convictions affirmed; sentences for assaults vacated.