STATE of Minnesota, Respondent,

v.

Ralph GAYLES, Appellant.

No. 81–814.

Supreme Court of Minnesota.

Dec. 10, 1982.

Doyle & Michales and Stephen Patrick Doyle, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Thomas A. Weist, Rick Osborne, Asst. County Attys., and Beverly J. Wolfe, Law Clerk, Minneapolis, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of attempted murder in the second degree, assault in the second degree (assault with a dangerous weapon), and burglary, Minn.Stat. §§ 609.05, 609.11, 609.-17, 609.19, 609.222, and 609.58, subd. 2(1)(b) (1980). The trial court sentenced defendant to concurrent terms of 162 months for the attempted murder and 21 months for the burglary. The court did not sentence defendant for the assault but adjudicated him guilty of it. On appeal from judgment of conviction defendant raises issues concerning whether the evidence was insufficient, whether he did not receive a speedy trial, whether the trial court erred in admitting a bullet found in a search of the car in which defendant and his accomplices were riding, whether the trial court's instructions on intent were inadequate, and whether the trial court erred in refusing to vacate defendant's conviction for assault in the second degree pursuant to Minn.Stat. § 609.04 (1980). We affirm.

Defendant became involved in a fist fight with Julius Smith, who was a friend of his brother, Joseph, in a downtown Minneapolis parking lot late on the morning of November 11, 1980. Defendant's brother and a man named Samuel Nesbitt were present during the fight. After the fight was stopped, defendant expressly threatened to kill Smith. Smith, who injured his elbow in the fight, drove to his second-story apartment at 2109 Blaisdell and fell asleep. He was awakened a short time later when defendant and Samuel Nesbitt began to break down the door with tire irons. Fearing for his life, Smith jumped out the window. Defendant and Nesbitt then leaned out the window and one of them fired two shots from a handgun. According to an independent witness, who viewed the incident from the street, the man with the gun pointed it and fired right at the area where Smith landed. Smith crawled to the side of his building and, from a concealed position, saw defendant, Nesbitt, and defendant's brother leave the building in back and get into a blue Oldsmobile with Pennsylvania license. Police located the car, with Nesbitt and

defendant's brother in it, in north Minneapolis a short time later. They arrested the two men immediately and arrested defendant when he emerged from a house and began interfering with them. Two tire irons were found in the back seat of the car and a live .357 magnum round semi-wadcutter bullet in the trunk.

1. There is no merit to defendant's contention that the evidence on identity and intent was legally insufficient. Defendant was positively identified by Smith and there was strong evidence corroborating the identification. Defendant's intent was inferable from defendant's statements and his conduct.

█ 2. There is also no merit to defendant's contention that his right to a speedy trial was violated by a continuance granted the state because one of the state's witnesses was going to be out of the country for 3 weeks. The delay was minimal, there was a valid reason for it, and defendant has not shown that he was prejudiced by it. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

█ 3. Defendant next contends that the trial court prejudicially erred in admitting the bullet found in the trunk of the car in which defendant and the others had been riding. In determining whether to admit this bullet, the trial court had to decide whether the evidence tended to connect defendant to the crime or whether it was offered and admitted only to create unfair prejudice to the defendant. *State v. Webber*, 292 N.W.2d 5 (Minn.1980). The record establishes that the bullet was sufficiently connected to defendant (it was found in the car which defendant and his accomplices used) and to the crime (the bullet is one used almost exclusively in handguns and is the type of bullet which could have produced flashes of the sort Smith saw coming from the gun when the gun was fired). We conclude that the trial court properly admitted the bullet as evidence tending to connect defendant to the crime.

4. Defendant's fourth contention is that the trial court erred in refusing to give a

requested instruction on intent. As we stated in *State v. Rudd,* 259 N.W.2d 567, 578 (Minn.1977), *cert. denied,* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978), "The court need not give the instruction as requested by the party if it determines that the substance of that request is contained in the court's charge." Our examination of the court's instructions satisfies us that the instructions on intent, which were taken from CRIMJIG, were adequate.

 5. Defendant's final contention is that the trial court erred in refusing to vacate the assault conviction pursuant to Minn.Stat. § 609.04 (1980). That statute forbids two convictions of the same offense or of one offense and a lesser included offense on the basis of the same criminal act. *State v. Kemp,* 305 N.W.2d 322 (Minn. 1981); *State v. Chamberlain,* 301 N.W.2d 313 (Minn.1981); *State v. Koonsman,* 281 N.W.2d 487 (Minn.1979).

Assault with a dangerous weapon is not a lesser included offense of attempted second-degree murder and therefore the trial court properly declined to vacate the conviction for assault. Assault with a dangerous weapon is a lesser offense but it is not an included offense under the approach that this court and most courts take. Under the approach which we have long taken, the trial court must look at the statutory definitions rather than the facts in a particular case to determine if the lesser offense is necessarily included. For a full discussion, *see* Note, *Submission of Lesser Crimes,* 56 Colum.L.Rev. 888 (1956). For an example of the use of this approach, see *LaMere v. State,* 278 N.W.2d 552 (Minn.1979).

One can commit attempted murder in the second degree without committing an assault and without using a dangerous weapon. Therefore, assault with a dangerous weapon is not a necessarily included offense of attempted murder in the second degree. The trial court properly refused to vacate the assault conviction.

Affirmed.