**STATE of Minnesota, Appellant,**

v.

**Roosevelt NASH, a.k.a. Eddie Bell, Respondent.**

No. C8-83-116.

Supreme Court of Minnesota.

Nov. 4, 1983.

for any applicable deductible.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Henn. Co. Atty., Vernon E. Bergstrom, Chief Appellate Section, Minneapolis, for appellant.

Thomas G. Drake, Asst. County Public Defender, Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by the state, pursuant to Minn.Stat. § 244.11 (1982), from durational and dispositional sentencing departures by the district court.

Defendant is a 41-year-old man with a long criminal record. In 1968 he was convicted of manslaughter. In early 1974 he was convicted of misdemeanor theft and in late 1974 he was convicted of indecent conduct, also a misdemeanor. In 1975 he was convicted of misdemeanor assault. In 1977 he was convicted of criminal sexual conduct in the third degree. In 1978 he was convicted of illegal possession of codeine, a gross misdemeanor. In 1979 he was convicted of simple robbery. In 1980 he was convicted of assault in the third degree.

Around noon on August 2, 1982, about 1 week after he was released on parole from Stillwater prison, defendant and Leroy James Deloch approached a 21-year-old woman, who was waiting for a bus. She had some fruit in her purse that apparently was visible to defendant and Deloch because they asked her for something to eat. According to the presentence investigation report, she was going to reach in and get the fruit and give it to them but they tried to reach in and get it themselves. She pulled her purse away but they "closed in" on her and defendant reached in and grabbed a $20 bill. She called the police immediately. Police arrested defendant and Deloch about a block away and returned the men to the scene. The victim identified the two and identified defendant as the man who actually took the money. Police caught defendant trying to stuff the stolen money, a $20 bill, in the seat cushion of the rear of the squad car.

Deloch told police that defendant committed the crime spontaneously and that he did not intentionally aid or participate with defendant in committing it. Apparently he was never charged in connection with the incident. Defendant, however, was charged with felony theft from the person, Minn. Stat. § 609.52, subd. 2(1) and 3(3)(a) (1982), which carries a maximum of 5 years in prison and/or a $5,000 fine.

On August 31, 1982, defendant and his public defender appeared in district court and defendant entered a straight guilty plea to the charge. Asked by his attorney if he reached in the purse and took the $20 bill "when she was looking the other way or at some time," defendant said yes. He denied hitting her or threatening her. After defendant finished his testimony, the court said, "Sounds like a Municipal Court case. No force, no violence. Let me take this under advisement, your plea, until tomorrow morning."

Subsequently, a presentence investigation was conducted. The officer who prepared the report determined that defendant's

criminal history score was six (one custody status point, one misdemeanor/gross misdemeanor point and four felony points). The presumptive sentence for the offense in question, which is a severity level VI offense, by a person with a criminal history score of six or more is an executed prison term of 41 (37–45) months.

On October 8 the parties appeared before the court for a hearing on defendant's motion for either a downward departure or permission to withdraw his plea and to plead guilty to theft of property valued at $150 or less and be sentenced pursuant to Minn.Stat. § 609.52, subd. 3(5) (1982), which carries a maximum sentence of 90 days in jail and/or a $500 fine. Defense counsel stated his reasons for seeking departure as follows:

From the very beginning, Your Honor, since my client and I discussed this matter, we both felt that the circumstances surrounding the taking of the 20 dollars was not in the nature of a felony, and because of that, we decided that we wanted to plead guilty and in hopes that the Court might see some justification or reasonableness or fairness to sentence him as a misdemeanor rather than as a felony. This incident took place at noon at a bus stop in Minneapolis, downtown, with a friend of my client who walked up to a woman and asked if she had some fruit and she opened her purse, and while the purse was open, he took a 20 dollar bill from the purse. She didn't even know that it was gone. So then she called the police and he was apprehended and arrested and charged with theft from person, and in view of those circumstances, we feel that there is justification for departure downward, specifically the substantial and compelling reasons for departure are, one, that the amount taken was only $20; two, that there was no weapon or violence involved; three, there were no threats or aggressive actions taken on the part of my client. There was no fear on behalf of the victim. She did not even know that the money had been taken until after it had been taken. It is with these facts in mind that we ask the

Court to depart downward in sentencing Mr. Nash.

The trial court stated that it could understand why the state opposed a departure. However, after alluding to the defendant's expressed desire to go to Louisiana, the court stated:

The Court will depart for those reasons, Mr. Drake, and I will give this kind of sentence. The sheriff will transport him pursuant to the parole revocation to Stillwater. It is considered, adjudged and ordered that you, Roosevelt No Middle Name Nash, also known as Eddie Bell, having been duly convicted of the crime of theft from person pursuant to 609.52 subdivision 2(1) subdivision 3(3) and (5) of which you have been duly convicted in this cause by your plea of guilty, be committed to the custody of the Adult Corrections Facility of Hennepin County for a term of 90 days. Said term is to run consecutive to your parole revocation. In other words, when you finish your time at Stillwater, they will bring you back here to the workhouse. You understand?

THE DEFENDANT: Yes, Sir.

THE COURT: And then at that time your attorney will notify you and he can put it on the calendar and if you still want to go [to] Louisiana, I will take that matter up at that time. You can explain it in more detail.

On December 3, 1982, the trial court signed an order directing the Superintendent of the Hennepin County Adult Corrections Facility to release defendant and directing defendant to "go directly to the Minneapolis Bus Station and purchase a ticket to [Mississippi] and leave immediately." The order added, "If, for any reason, the above is not complied with, this will constitute a violation of the Court's directive and the defendant is then to be returned to Adult Corrections Facility forthwith pending further court action."

This appeal followed.

Ordinarily, theft of property valued at $150 or less carries a maximum sentence of 90 days in jail and/or a $500 fine. How-

ever, in certain circumstances specified in section 609.52, subd. 3(3), including if the property is taken from the person of another, the offense is treated as a felony carrying a maximum sentence of 5 years and/or a $5,000 fine, even if the value of the property is not more than $150. In enacting subdivision 3(3) the legislature authorized felony treatment of certain types of thefts which normally, because of the small amount taken, would warrant only misdemeanor sentencing. The offense of theft from a person is serious enough to warrant felony treatment regardless of the amount taken because it is conduct that ordinarily is only one element short of constituting simple robbery, which carries a maximum sentence of 10 years and/or $10,000. Thus, the comments to Minn.Stat. § 609.24—*see* 40 M.S.A. at 282–283—state that ordinary theft from the person without the use of force or fear, as where a defendant snatches a woman's purse or picks a man's pocket, is theft from the person. But the comments add that if a woman hangs on to her purse and the defendant uses force to overcome her resistance or if a defendant pushes a victim against a wall and takes his wallet, then the defendant has committed robbery, not theft from the person. For a discussion in support of the comments *see State v. Oksanen,* 311 Minn. 553, 249 N.W.2d 464 (1977); *see also, State v. Nelson,* 297 N.W.2d 285 (Minn.1980).

The trial court apparently was of the view that defendant's conduct should be deemed nonfelonious because of the small amount of money involved, because defendant did not use any weapon or violence, and because defendant did not make any threats or take any aggressive action or cause any fear. However, the typical case of theft from the person does not involve a large amount of money or the use of a weapon or violence or threats of violence or the causing of fear. Thus, it cannot be fairly said that the conduct underlying the conviction was less serious than that typically connected with the offense of theft from the person. Indeed, defendant's conduct came very close to constituting robbery.

Because defendant's conduct was typical of that involved in cases of theft from the person, we conclude that the durational and dispositional departures were unjustified. This is because there do not appear to be any other mitigating circumstances that would justify a durational departure or any facts which would suggest that defendant was particularly amenable to treatment in a probationary setting.

Remanded for resentencing.