**STATE of Minnesota, Respondent,**

v.

**Michael SIVERHUS, Appellant.**

**No. C5–82–1679.**

Supreme Court of Minnesota.

Oct. 5, 1984.

C. Paul Jones, Public Defender, Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

Defendant was found guilty by a district court jury of attempted second-degree murder, assault in the first degree, and assault in the second degree, Minn.Stat. §§ 609.11, 609.17, 609.19, 609.221, 609.222 (1982). The trial court sentenced defendant to an executed term of 101½ months in prison, which is the presumptive sentence for attempted second-degree murder by a person with a criminal history score of three.

Minnesota Sentencing Guidelines and Commentary IV (1982), Minn.Stat. § 609.17, subd. 4 (1982). The trial court originally adjudicated defendant guilty of all three offenses of which he was found guilty but later vacated the two assault convictions pursuant to Minn.Stat. § 609.04. On this appeal, defendant seeks (1) an outright reversal of his convictions on the ground that the state failed to prove that he did not act in self-defense; (2) a new trial on the ground that the trial court prejudicially erred (a) in admitting a knife in evidence and (b) in refusing to admit certain evidence which defendant contends showed that the victim had a reputation for violence; or (3) at least a reduction of his conviction to assault on the ground that the state failed to establish that defendant intended to kill the victim. We affirm.

The victim was a 49-year-old homosexual who worked as a machine operator and lived alone in a house in St. Paul. He testified that he met defendant, who was 21 at the time, in Minneapolis in February of 1982 and soon established a homosexual relationship with him. Typically defendant would come to the victim's house and spend the night, sometimes the entire weekend. The victim paid defendant "just about" every time that defendant engaged in homosexual activity with him and frequently bought defendant presents and took him out to dinner. On the afternoon of Sunday, April 4, 1982, defendant came to the house without notice and, after talking with the victim, offered to give him a back rub. While doing this defendant suddenly and without apparent reason began attacking the victim with a knife, saying in response to a question by the victim that it was because the victim had turned him in to the police. The victim eventually made it outside, where he collapsed. A neighbor called the authorities and paramedics took the victim to the hospital in critical condition. The doctor who administered emergency treatment to save his life testified that he found numerous stab wounds, including three significant ones (in the back, chest, and abdomen).

Defendant fled in the victim's car. He was arrested in it in Minneapolis 10 days later. Police found a sheathed hunting knife in the car similar to the knife defendant used in the assault. Defendant claimed at trial that he never had engaged in homosexual activity with the victim; that the victim, claiming that defendant was using him, knocked him out, then began sexually assaulting him; that when he resisted, the victim attacked him with a knife; and that he grabbed the knife from the victim and stabbed the victim in self-defense. Defendant claimed that he did not call the police because he was on probation and did not want to get into trouble.

■ 1. Defendant's first contention, that the state failed to prove that he did not act in self-defense, is without merit. The victim's testimony clearly established that defendant did not act in self-defense. The victim's testimony was corroborated by (a) the fact that defendant apparently cut the telephone cord; (b) the fact that defendant did not call for help for the victim; (c) the fact that defendant fled the scene in the victim's car; and (d) the fact that when he was arrested 10 days later in the victim's car defendant constructively possessed a knife that likely was the knife used in the assault. Defendant's testimony was impeached in significant ways.

2. Defendant makes two arguments in support of his contention that he should be given a new trial.

■ (a) First, he argues that the trial court erred in admitting the knife. This is without merit. The state's evidence sufficiently connected defendant to the knife and the knife to the crime to justify admission of the knife. *State v. Gayles*, 327 N.W.2d 1, 2 (Minn.1982).

■ (b) Defendant also argues that the trial court erred in excluding the offered testimony of a former neighbor of the victim, who claimed that on various occasions she had seen the victim return home with boys 12 to 14 years old; that she had heard these boys crying in the middle of the night; and that it had been her assumption

that they were homesick until someone told her that the crying probably was the result of homosexual activity. Defense counsel argued that the evidence was relevant on the issue of self-defense to show that the victim was the aggressor. The trial court excluded the evidence because it was "of doubtful probative value and extremely inflammatory and prejudicial."

 The issue of admission of evidence of past acts of violence by the victim in a case in which a defendant claiming self-defense wants to use the evidence to help establish that the victim was the aggressor was discussed in detail in *State v. Bland*, 337 N.W.2d 378 (Minn.1983). We need not decide whether the evidence in question would have been admissible if it had established that the victim had violently assaulted the boys seen going into his house. The evidence did not establish that the victim violently assaulted the boys and therefore clearly was of little relevance. Under Minn.R.Evid. 403, even if evidence is otherwise relevant and admissible, the trial court may exclude it if it concludes that the potential of the evidence for unfair prejudice substantially outweighs its probative value. The trial court did not abuse its discretion in concluding that the evidence was "of doubtful probative value and extremely inflammatory and prejudicial."

3. Defendant's final contention is that the state failed to prove that he intended to kill the victim and that therefore his conviction should be reduced to one for assault. We reject this contention. Intent to kill was easily inferable from (a) evidence that defendant believed that the victim had reported him to the police; (b) evidence that defendant used a hunting knife; (c) evidence that defendant stabbed the victim numerous times, including in the abdomen, chest, back, neck, and head; and (d) evidence that defendant cut the telephone cord and left the victim unattended in critical condition.

Affirmed.