**STATE of Minnesota, Respondent,**

v.

**Dwayne Keith STANIFER, Appellant.**

**Nos. CX–85–1207, CX–85–1286.**

Court of Appeals of Minnesota.

Feb. 18, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Laura S. Underkuffler, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant Dwayne Stanifer was convicted after a jury trial of simple robbery and

fifth-degree assault in violation of Minn. Stat. §§ 609.24 and 609.224 (1984). On appeal he contends that (1) the evidence was insufficient; (2) identification evidence was the product of impermissibly suggestive procedures; (3) the trial court erred in ruling that a prior conviction was admissible to impeach him if he testified; (4) a reference by a prosecution witness to his prior record deprived him of a fair trial; and (5) the trial court erred in not vacating the assault conviction as a lesser included offense of robbery. We affirm in part and reverse in part.

## FACTS

On February 9, 1985, at 1:00 a.m. Craig Pieri, the victim, left Moby Dick's bar on Hennepin Avenue. He stopped outside to talk briefly with two police officers he knew who were patrolling outside the bar. As Pieri was walking down Seventh Street, three men came up behind him and pushed him into a doorway. The three men started to punch Pieri; a fourth man then joined in. Pieri fought back and was hit in the face twice. The men tried to grab at his wallet; he saw a "flash," felt "cold steel" on his throat, and saw appellant Dwayne Stanifer with his wallet.

Two police officers then happened onto the scene. Stanifer and another man began walking away rapidly as the officers approached. Pieri yelled that they had his wallet; one officer followed them, and the second officer stayed to stop the fight. Stanifer then turned around and walked back toward Pieri while the other man began to run down Seventh Street. The first officer caught up to the fleeing man and recovered Pieri's wallet, which the officer had seen him throw away.

Pieri grabbed Stanifer and accused him of stealing the wallet. Stanifer said Pieri was a liar; a scuffle ensued and one man escaped. The first officer then returned with the man he had captured, and Stanifer and two other men were arrested.

Pieri was interviewed by a police investigator the following day. The investigator showed him pictures of the three men who had been arrested in order to clarify the role each had played in the incident. The investigator testified that he did not follow any regular identification procedures because Pieri had previously identified his assailants at the scene, and they were already under arrest. Pieri testified that there was "no question that they were the guys" and that he had recognized their pictures before the investigator asked any questions. Pieri was able to describe what each man had been wearing the night before.

At the omnibus hearing Stanifer contended that showing the photographs to Pieri constituted an impermissibly suggestive procedure and that Pieri's identifications should be suppressed. The trial court found that Pieri had observed Stanifer at the scene of the crime, that he was arrested in Pieri's presence, and that the photographs were shown to Pieri in order to "establish which defendant did which." The court concluded that Pieri's identifications had an "independent origin" in his observations of Stanifer and were admissible.

The prosecution sought to admit prior convictions to impeach Stanifer if he testified. Stanifer had been convicted of simple robbery in 1980 and aggravated robbery in 1981. After considering numerous cases cited by both counsel, the court ruled that

> the crime of robbery involves a false—is one that involves dishonesty and, hence, would be admissible.

The court cited *Gordon v. United States*, 383 F.2d 936 (D.C.Cir.1967) *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968), in support of this ruling but allowed impeachment only with the aggravated robbery conviction.

In his questioning of one of the arresting officers, the prosecutor inquired into his relationship with the victim. Pieri had claimed to have known the arresting officers for 15 years because his father is a retired police officer.

PROSECUTOR: And your testimony was that you knew Mr. Pieri, the victim?

WITNESS: Yes.

PROSECUTOR: At the point when this happened, would you have regarded him as a close, personal friend?

WITNESS: No, I didn't know him as well as I knew Stanifer. I know Stanifer better than I know Pieri.

Defense counsel immediately objected; the court ordered the answer stricken and instructed the jury to disregard it. Counsel then moved for a mistrial on the basis that the jury could conclude that Stanifer had had previous contacts with the police. The prosecutor stated that she had followed the court's directions and instructed her witnesses not to mention their previous contacts with Stanifer. The court found no prosecutor misconduct and noted that defense counsel had represented in his opening statement that Stanifer would testify and that the jury would eventually find out about his prior conviction. The court ruled that the statement was not sufficient to warrant a mistrial and denied the motion.

Stanifer did not take the stand. The defense presented several witnesses who testified that they saw him earlier that evening at two downtown bars. One witness testified that she had arranged to meet Stanifer at his home at 1:30 a.m. that morning.

The jury found Stanifer guilty of both simple robbery and fifth-degree assault. He was adjudicated guilty of both crimes but sentenced only for the robbery.

At sentencing Stanifer brought a motion to vacate the assault conviction as a lesser included offense of simple robbery. Counsel briefed the issue, and the court took the matter under advisement. By order of July 1, 1985, the motion was denied. The trial court incorporated a memorandum in its order and noted that

a robbery could be effectuated without either inflicting or attempting to inflict bodily harm, and without intending to cause fear in another of bodily harm.

Stanifer's appeals from the convictions (# CX–85–1207) and the order (# CX–85– 1286) were consolidated by order of July 23, 1985.

## ISSUES

1. Was the evidence sufficient to support the jury's verdicts of guilty?

2. Were the victim's identifications of appellant tainted by impermissibly suggestive procedures?

3. Is aggravated robbery a crime involving dishonesty under Minn.R.Evid. 609(a)(2)?

4. Was appellant denied a fair trial when a police officer testified that he knew him?

5. Is fifth-degree assault a lesser included offense of simple robbery?

## DISCUSSION

### I

It is well-settled that

[i]n reviewing a claim of insufficiency of the evidence, we are limited to ascertaining whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged.

*State v. Merrill,* 274 N.W.2d 99, 111 (Minn. 1978). The evidence must be viewed in the light most favorable to the prosecution, and it is necessary to assume that the jury believed the State's witnesses and disbelieved any contradictory evidence. *State v. Wahlberg,* 296 N.W.2d 408, 411 (Minn. 1980).

Stanifer contends the evidence was insufficient for the jury to conclude that he was one of the assailants. However, the victim identified Stanifer twice at the scene of the crime, recognized his picture the next day, described what he had been wearing, and identified him in court. Stanifer was arrested by two police officers who saw part of the incident and identified Stanifer in court. Further, Stanifer's own witnesses placed him near the scene minutes before the incident. We find that the evidence was sufficient for the jury reason-

ably to conclude that Stanifer was guilty of assault and robbery.

■ Stanifer also contends that "factual contradictions" undermined the credibility of the State's witnesses. This is not a proper issue for appellate review; weighing the credibility of witnesses is the exclusive function of the jury. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980).

## II

■ Stanifer next contends that his right to due process was violated when police showed his photograph to the victim the day after the incident.

> Under *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), the test in determining the admissibility of in-court testimony allegedly tainted by suggestive identification procedures is whether, under the totality of the circumstances, the procedures created a "substantial likelihood of irreparable misidentification."

*State v. Oksanen*, 311 Minn. 553, 553, 249 N.W.2d 464, 465 (1977).

We agree with the trial court that the photographs were not shown to the victim in order to "identify" Stanifer. The court found that the photographs were shown to the victim in order to clarify the role played by each assailant. The victim knew the photographs were of his assailants before the investigator asked him any questions; he was then able to describe what each assailant had been wearing.

Nor did this procedure create any likelihood of misidentification. *Id.* The victim had already positively identified Stanifer as the man who had taken his wallet. Two police officers were close by while the crime was occurring and arrested Stanifer in the presence of the victim. Under these circumstances, the victim's identifications of Stanifer were admissible.

## III

■ Stanifer also contends the trial court erred in admitting his prior aggravated robbery conviction under Minn.R.Evid.

609(a)(2) as a crime that involved dishonesty. Rule 609(a) provides:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if * * * the crime * * * (2) involved dishonesty or false statement, regardless of the punishment.

*Id.* The Minnesota Supreme Court has held that a misdemeanor theft conviction for shoplifting is not a crime involving dishonesty or false statement. *See State v. Darveaux*, 318 N.W.2d 44, 48 (Minn.1982) (admission of theft conviction not reversible error). No Minnesota case has determined whether aggravated robbery is a crime involving dishonesty.

Minn.R.Evid. 609(a)(2) is identical to the federal rule, which has been adopted in substantially all other states. *See* Fed.R. Evid. 609(a)(2). We may therefore look to other jurisdictions that have adopted and interpreted this rule.

In ruling Stanifer's prior aggravated robbery conviction admissible, the court relied on *Gordon v. United States*, 383 F.2d 936 (D.C.Cir.1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968), which stated:

> In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects on a man's honesty and integrity.

*Id.* at 940 (footnote omitted). However, *Gordon* applied *Luck v. United States*, 348 F.2d 763 (D.C.Cir.1965), and was decided before adoption of Fed.R.Evid. 609. The *Luck-Gordon* analysis was modified when the federal rule was promulgated; the inquiry under Rule 609 is entirely different. *United States v. Smith*, 551 F.2d 348, 356–66, 357 (D.C.Cir.1976). The trial court's reliance on *Gordon* was therefore misplaced.

Federal courts are divided on the issue of whether theft and robbery offenses are crimes that involve dishonesty. *See United States v. Papia*, 560 F.2d 827, 846 n. 13 (7th Cir.1977). *Papia* upheld the admission

of a theft conviction where the defendant had originally been charged with forgery but pled guilty to a reduced charge of theft. *Id.* at 848; *but see Smith,* 551 F.2d at 361–65 (armed robbery not a crime involving dishonesty).

A number of state courts that have adopted Rule 609(a)(2) have held that misdemeanor theft, robbery, and armed robbery are crimes that involve dishonesty. *See Papia,* 560 F.2d at 846 n. 13; *People v. Spates,* 77 Ill.2d 193, 32 Ill.Dec. 333, 395 N.E.2d 563 (1979) (theft); *State v. Johnson,* 10 Ohio App.3d 14, 460 N.E.2d 625 (1983) (theft); *State v. Eugene,* 340 N.W.2d 18, 32 (N.D.1983) (surveying cases from several states). We agree with those cases holding that robbery is a crime involving dishonesty and conclude that the trial court properly admitted Stanifer's aggravated robbery conviction under Minn.R.Evid. 609(a)(2).

We note that the trial court might also have admitted Stanifer's aggravated robbery conviction under Minn.R.Evid. 609(a)(1), which provides that a prior felony conviction may be admitted to impeach a witness if the court finds that its probative value outweighs its prejudicial effect. Minn.R.Evid. 609(a)(1); *see State v. Jones,* 271 N.W.2d 534, 537–38 (Minn.1978) (setting forth factors to be applied in balancing probative value against possible prejudice). Minnesota courts have been liberal in admitting prior convictions for impeachment even when the prior crime is the same as the crime charged. *See State v. Frank,* 364 N.W.2d 398, 399 (Minn.1985); *State v. Bettin,* 295 N.W.2d 542 (Minn.1980); *State v. Brouillette,* 286 N.W.2d 702 (Minn.1979).

In *State v. Burrows,* 295 N.W.2d 100 (Minn.1980), the supreme court upheld the admission of a defendant's prior conviction, stating:

> We need not decide whether the trial court erred in concluding that unauthorized use [of a motor vehicle] is a crime directly involving "dishonesty or false statement," because even if the trial court should have made a discretionary determination and balanced probative value against prejudicial effect, the trial court still would have been justified in admitting the evidence and presumably would have done so. Under these circumstances, we sustain the admission of the evidence and affirm defendant's conviction, which was based on strong evidence of guilt.

*Id.* at 101 (citations omitted); *see also State v. Johnson,* 294 N.W.2d 855 (Minn. 1980) (summary opinion upholding prosecution's use of prior convictions for impeachment).

## IV

■ Stanifer claims he was denied a fair trial when a police officer said he knew Stanifer better than he knew the victim. We disagree. This remark was of a passing nature and did not necessarily imply that Stanifer was a criminal. Further, the evidence of Stanifer's guilt was strong and the possibility of prejudice slight. *See State v. Haglund,* 267 N.W.2d 503 (Minn. 1978) (prosecution's unintentional reference to defendant's prior sojourn at St. Cloud not reversible error when reference was of a passing nature and evidence of defendant's guilt was overwhelming); *State v. Hjerstrom,* 287 N.W.2d 625, 627 (Minn. 1979) (reference to prior conviction error but not reversible when evidence of guilt was overwhelming).

## V

Stanifer's final contention is that his conviction for fifth-degree assault must be vacated under Minn.Stat. § 609.04, subd. 1(4) (1984), which provides in part:

> Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both. An included offense may be any of the following:
>
> \* \* \* \* \* \*
>
> (4) A crime necessarily proved if the crime charged were proved \* \* \*.

*Id.* Stanifer argues that fifth-degree assault, the crime of which he was convicted,

is a lesser included offense of simple robbery.

In analyzing whether an offense is a lesser included offense, the court must look at the statutory elements of the relevant offenses rather than at the facts of a particular case. * * * If, after comparing the elements of each offense, "a person can commit the greater offense, as legally defined, without committing the lesser offense, as legally defined, the lesser offense is not necessarily included within the greater offense."

*State v. Coleman*, 373 N.W.2d 777, 780–81 (Minn.1985) (citing *State v. Gayles*, 327 N.W.2d 1, 3 (Minn.1982); *State v. Kinsky*, 348 N.W.2d 319, 326 (Minn.1984)).

Simple robbery, the greater offense, is defined as:

Whoever, knowing he is not entitled thereto, takes personal property from the person or in the presence of another and *uses or threatens the imminent use of force* against any person to overcome his resistance or powers of resistance to, or to compel acquiesence in, the taking or carrying away of the property is guilty of robbery * * *.

Minn.Stat. § 609.24 (1984) (emphasis added). Fifth-degree assault, the lesser offense, is defined as:

Whoever does any of the following commits an assault and is guilty of a misdemeanor:

(1) Does an act with intent to cause fear in another of immediate bodily harm or death; or

(2) Intentionally inflicts or attempts to inflict bodily harm upon another.

Minn.Stat. § 609.224 (1984). "Bodily harm" is defined as "physical pain or injury, illness, or any impairment of physical condition." Minn.Stat. § 609.02, subd. 7 (1984).

In this case the trial court found that a robbery could be effectuated without either inflicting or attempting to inflict bodily harm, and without intending to cause fear in another of bodily harm. Stanifer argues that proof of the "force" element of robbery necessarily proves an assault. The State relies on *State v. Spann*, 287 N.W.2d 406 (Minn.1979), and *State v. DeFoe*, 280 N.W.2d 38 (Minn.1979), for the proposition that fifth-degree assault is not a lesser included offense of simple robbery.

However, both *Spann* and *DeFoe* dealt with convictions of aggravated robbery under Minn.Stat. § 609.245 (1984) and aggravated assault under former Minn.Stat. § 609.225 (repealed, Minn.Laws 1979, ch. 258, § 25). In *DeFoe* the Minnesota Supreme Court observed:

Aggravated robbery requires proof of a robbery plus proof that the defendant was armed or that he inflicted "bodily harm." Conviction for aggravated assault under Minn.St. 609.225, subd. 1, requires proof of infliction of "great bodily harm" upon another person.

*DeFoe*, 280 N.W.2d at 41. The definitions of "bodily harm" and "great bodily harm" differ in the degree of the injury. *See* Minn.Stat. § 609.02, subds. 7, 8.

That the statutory definitions of *aggravated* robbery and aggravated assault may be distinct from each other has no bearing on the crimes at issue here. *See Coleman*, 373 N.W.2d at 780–81. Further, in *State v. Alexander*, 290 N.W.2d 745 (Minn.1980), the supreme court vacated two convictions for aggravated assault because the state had conceded that aggravated assault was a lesser included offense of aggravated robbery. *Id.* at 749. Contrary to the position taken in the dissent, *Spann* and *DeFoe* do not control our resolution of this issue.

Nor are we convinced by the trial court's reference to the Advisory Committee Comment to Minn.Stat. § 609.24. That comment explains the use of the term "force" by providing examples of the types of fact situations that may constitute simple robbery. *See* Minn.Stat.Ann. § 609.24 (West 1984) Advisory Committee Comment, at 283. We may not base our decision upon hypothetical or arcane facts, or even upon

the proven facts of this case. *See Gayles,* 327 N.W.2d at 3.

This court previously held that felony theft is a lesser included offense of aggravated robbery. *See State v. Hines,* 354 N.W.2d 91 (Minn.Ct.App.1984); *State v. Nunn,* 351 N.W.2d 16 (Minn.Ct.App.1984). In *Nunn* we observed that "[a]ggravated robbery requires the commission of a theft; if there were no theft the offense would be assault." *Id.* at 19; *see also Coleman,* 373 N.W.2d at 781.

■ We believe that proof of the "use or threatened imminent use of force against a person" in a prosecution for simple robbery necessarily proves a fifth-degree assault, as that crime is statutorily defined. Simple robbery is basically a theft accomplished by means of an assaultive act. *Nunn,* 351 N.W.2d at 19. We hold that fifth-degree assault is a lesser included offense of simple robbery. *See* Minn.Stat. § 609.04, subd. 1(4). The trial court erred in denying Stanifer's motion to vacate the fifth-degree assault conviction; that conviction is accordingly vacated.

## DECISION

The evidence was sufficient to support the jury's guilty verdicts. Photographs of appellant were not shown to the victim for identification purposes and therefore did not create a substantial likelihood of misidentification under the circumstances of this case. Appellant's prior aggravated robbery conviction was admissible under Minn.R.Evid. 609(a)(2) as a crime involving dishonesty. Appellant was not prejudiced by a police officer's testimony that he knew appellant. Appellant's fifth-degree assault conviction is vacated because that crime is a lesser included offense of simple robbery.

Affirmed in part and reversed in part.

FOLEY, J., concurs in part, dissents in part.

FOLEY, Judge (concurring in part, dissenting in part).

I concur in part and dissent in part from the majority opinion. I would affirm Stanifer's conviction in all respects, holding that Stanifer's conviction of robbery and fifth-degree assault should stand because the force required for simple robbery does not necessarily constitute an assault.

*State v. Coleman,* 373 N.W.2d 777, 780–81 (Minn.1985), directs a trial court to look at the statutory elements of the relevant offenses rather than at the facts of a particular case to determine whether an offense is a lesser-included offense. Robbery requires that the person "takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome his resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property." *See* Minn.Stat. § 609.24 (1984). Fifth-degree assault requires that one commit "an act with intent to cause fear in another of immediate bodily harm or death;" or "intentionally inflicts or attempts to inflict bodily harm upon another." Minn.Stat. § 609.224 (1984).

The force required in robbery must only be enough to acquire another's property from their person *or* presence, while the force required in the assault must intend or cause another to fear immediately bodily harm. I agree with the trial court which noted in its memorandum:

> The court notes that a robbery could be effectuated without either inflicting or attempting to inflict bodily harm, and without intending to cause fear in another of bodily harm. The Advisory Committee comment to Minnesota Statute § 609.24, the Simple Robbery Statute, gives as an explanation of "force" the pushing of the victim against the wall and the taking of his wallet. In such a case, force is used to overcome the victim's resistance to the taking of the property, but no bodily harm is necessarily intended, inflicted, or attempted to be inflicted. Another illustration would be taking a purse in a tug-of-war with the victim.

This case is thus similar to *State v. De-Foe*, 280 N.W.2d 38 (Minn.1979), where the distinction was less clear. In *DeFoe*, the Minnesota Supreme Court held that:

Aggravated robbery requires proof of a robbery plus proof that the defendant was armed or that he inflicted "bodily harm." Conviction for aggravated assault under Minn.St. 609.225, subd. 1, requires proof of infliction of "great bodily harm" upon another person. In other words, neither crime is necessarily included in the other, and defendant's reliance on § 609.04—which bars convicting a defendant of both a greater and an included offense—is also unjustified.

*Id.* at 41.

This court should have examined the elements of the offenses, rather than the facts here, and affirmed the trial court, upholding Stanifer's conviction for the offense of fifth-degree assault.