**STATE of Minnesota, City of Mounds View, Respondents,**

v.

**Duane VADNAIS, Appellant.**

**No. C2-86-689.**

Court of Appeals of Minnesota.

Oct. 14, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Richard Myers, Mounds View City Atty., New Brighton, for respondents.

William E. Falvey, Chief Public Defender, Patrick D. McGee, Asst. Public Defender, St. Paul, for appellant.

Considered and decided by PARKER, P.J., and LESLIE and FORSBERG, JJ.

**MEMORANDUM OPINION**

LESLIE, Judge.

### FACTS

On July 14, 1985 Lieutenant David Brick of the Mounds View Police Department lawfully stopped a vehicle. Lieutenant Brick found one male in the driver's seat. When asked for a driver's license the man gave Lieutenant Brick a Minnesota identification card for Duane Joseph Vadnais. The picture looked like the driver and Lieutenant Brick went back to his squad car to run a driver's license check. After being told that Vadnais' driving privileges were suspended Lieutenant Brick returned to Vadnais' car only to discover that Vadnais had left the scene.

At trial Lieutenant Brick identified Vadnais in court as the driver of the vehicle he stopped. Vadnais testified and denied he was the driver of the vehicle. Vadnais was convicted of driving after suspension. In this appeal, Vadnais challenges the sufficiency of evidence; respondent did not file a brief.

### DECISION

In viewing the evidence, this court will view the evidence in the light most favorable to the state and determine

only whether reasonable evidence supports the jury's verdict. *State v. Turnipseed,* 297 N.W.2d 308, 313 (Minn.1980); *State v. Anderson,* 391 N.W.2d 527, 531 (Minn.Ct. App.1986). Vadnais claims that the evidence presented at trial is insufficient to support his conviction. Eye witness identification made upon fleeting or limited observation at the time of a crime is not reliable and in the absence of corroboration should not be the basis for conviction. *State v. Spann,* 287 N.W.2d 406, 407–08 (Minn.1979). Here, however, Lieutenant Brick testified that there was no doubt that Vadnais was the driver operating the vehicle. His observation of the driver was not based upon a mere fleeting glance of the driver and was sufficient to support a conviction of driving after suspension.

Affirmed.