*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0701**

State of Minnesota,
Respondent,

vs.

Antonio Joseph Deluney,
Appellant.

**Filed May 11, 2015
Reversed
Halbrooks, Judge**

Hennepin County District Court
File No. 27-CR-13-23046

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Susan L. Segal, Minneapolis City Attorney, Paula J. Kruchowski, Assistant City Attorney, Minneapolis, Minnesota (for respondent)

Mary F. Moriarty, Hennepin County Public Defender, Rebekah M. Murphy, Assistant Public Defender, Minneapolis, Minnesota (for appellant)

        Considered and decided by Johnson, Presiding Judge; Halbrooks, Judge; and

Stoneburner, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**HALBROOKS**, Judge

Appellant challenges his conviction of disorderly conduct, arguing that the district court abused its discretion by (1) allowing the state to amend the disorderly conduct charge under the state statute to disorderly conduct under the Minneapolis city ordinance and (2) denying appellant's motion to strike a juror for cause. Because we conclude that the district court abused its discretion by granting the state's motion to amend the charges after the jury trial had commenced, we reverse.

## FACTS

On May 29, 2013, Minneapolis police officers responded to a 911 call reporting an assault. Upon arrival, the officers spoke with J.W., who stated that appellant Antonio Joseph Deluney became upset over the amount of money he was paid for his work, began yelling, and punched J.W. The officers observed swelling around J.W.'s right eye. The state charged Deluney with misdemeanor fifth-degree assault in violation of Minn. Stat. § 609.224, subd. 1(2) (2012), and disorderly conduct in violation of Minn. Stat. § 609.72, subd. 1(3) (2012). The state later filed an amended complaint enhancing the assault charge to a gross misdemeanor pursuant to Minn. Stat. § 609.224, subd. 2(b) (2012), because Deluney had a previous qualified domestic-violence-related-offense conviction within three years.

At trial, the state called J.W., the 911 dispatcher, and the responding police officers. After the state rested, Deluney moved the district court for judgment of acquittal, arguing that there was insufficient evidence to convict him of disorderly

conduct or assault. In response, the state moved to amend the disorderly conduct charge under Minn. Stat. § 609.72 (2012) to disorderly conduct under Minneapolis, Minn., Code of Ordinances (MCO) § 385.90 (2012). Deluney objected, arguing that the proposed amended offense was different from the one charged and that his rights would be substantially affected if the amendment was allowed. The district court granted the state's motion to amend the charge pursuant to Minn. R. Crim. P. 17.05, finding that the amended charge did not constitute a different offense.

Deluney exercised his right to testify. After he testified, a juror reported an incident of possible juror misconduct to the district court. Deluney moved for a mistrial due to juror misconduct or, in the alternative, to strike the juror from the panel. The district court denied both motions. Following deliberation, the jury acquitted Deluney of fifth-degree assault, but found him guilty of disorderly conduct. The district court sentenced Deluney to 90 days in the workhouse, staying 79 days for one year and placing him on probation. This appeal follows.

## D E C I S I O N

After a jury is sworn and jeopardy attaches, amendments to charges are governed by rule 17.05. *State v. Caswell*, 551 N.W.2d 252, 254 (Minn. App. 1996). A district court may not allow the state to amend a complaint unless "no additional or different offense is charged and . . . the defendant's substantial rights are not prejudiced." Minn. R. Crim. P. 17.05. We review a challenge to an amendment to a complaint under rule 17.05 for an abuse of discretion. *State v. Bakdash*, 830 N.W.2d 906, 916 (Minn. App. 2013), *review denied* (Minn. Aug. 6, 2013).

3

Here, after the state rested, the prosecutor moved the district court to amend the disorderly conduct charge under Minn. Stat. § 609.72 to disorderly conduct under MCO § 385.90. The motion to amend was based on an erroneous view of the law. It appears from the transcript that both parties believed that Minn. Stat. § 609.72 required proof that Deluney disturbed the peace of more than one person, while MCO § 385.90 only required proof that Deluney disturbed the peace of one person. Deluney argued that judgment of acquittal was appropriate because disorderly conduct under the statute required proof that his conduct alarmed or angered "others" and "[w]hat we had here was a two-person dispute." In response, the prosecutor moved to amend, arguing that the district court should grant its motion because the ordinance "only requires that one person's peace . . . be disturbed."

On appeal, both parties now acknowledge that the rules of statutory interpretation provide that singular terms include the plural and plural terms include the singular. *See* Minn. Stat. § 645.08(2) (2014) ("[T]he singular includes the plural; and the plural, the singular."); MCO § 3.90 (2014) ("[T]he use of either singular or plural number in this Code shall include the other number."). Minnesota courts have consistently held that disorderly conduct under the statute criminalizes conduct directed against one person. *State v. Zais*, 805 N.W.2d 32, 40 n.4 (Minn. 2011).

The parties have refocused the issue on appeal to whether the ordinance is a lesser-included offense of the statute and therefore not a different offense. Usually, we "will not decide issues which were not raised before the district court," but we may "deviate from this rule when the interests of justice require consideration of such issues and doing

so would not unfairly surprise a party to the appeal." *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). Because we conclude that the amended charge constituted a different offense that prejudiced Deluney's substantial rights, we address the parties' new arguments on appeal.

**Different Offense**

"A 'different offense' is charged if an amendment affects an 'essential element' of the charged offense." *State v. Guerra*, 562 N.W.2d 10, 13 (Minn. App. 1997). But a "lesser-included offense" is not a "different offense." *State v. Lory*, 559 N.W.2d 425, 428-29 (Minn. App. 1997), *review denied* (Minn. Apr. 15, 1997). "A lesser offense is necessarily included in a greater offense if it is impossible to commit the latter without also committing the former." *Id.* at 428; *see also* Minn. Stat. § 609.04, subd. 1(4) (2014) (defining a lesser-included offense as "[a] crime necessarily proved if the crime charged were proved"). Courts "must look at the statutory definitions rather than the facts in a particular case to determine if the lesser offense is necessarily included." *State v. Gayles*, 327 N.W.2d 1, 3 (Minn. 1982).

The Minnesota disorderly conduct statute provides:

> Whoever does any of the following in a public or private place, . . . knowing, or having reasonable grounds to know that it will, or will tend to, alarm, anger or disturb others or provoke an assault or breach of the peace, is guilty of disorderly conduct, which is a misdemeanor:
> . . . .
> (3) engages in offensive, obscene, abusive, boisterous, or noisy conduct or in offensive, obscene, or abusive language tending reasonably to arouse alarm, anger, or resentment in others.

5

Minn. Stat. § 609.72, subd. 1.

The city ordinance provides:

> No person, in any public or private place, shall engage in, or prepare, attempt, offer or threaten to engage in, or assist or conspire with another to engage in, or congregate because of, any riot, fight, brawl, tumultuous conduct, act of violence, or any other conduct which disturbs the peace and quiet of another save for participating in a recognized athletic contest.

MCO § 385.90.

The state argues that the amendment of the charge from the statute to the ordinance only eliminates the "knowingly" element, which makes the ordinance a lesser-included offense and, therefore, a permissible amendment under rule 17.05. Deluney contends that the ordinance is not a lesser-included offense because it is possible to commit disorderly conduct under the statute without committing disorderly conduct under the ordinance. We agree.

To prove disorderly conduct under the city ordinance, the state must prove that the defendant's conduct disturbed the peace and quiet of another. MCO § 385.90. To prove disorderly conduct under the state statute, the state must prove that the defendant knew or had reason to know that his conduct would reasonably tend to arouse alarm, anger, or resentment in others. Minn. Stat. § 609.72, subd. 1; *see also* Minn. Stat. § 609.02, subd. 9(2) (2012) ("'Know' requires only that the actor believes that the specified fact exists."). If a defendant knows that his conduct could reasonably tend to arouse alarm, anger, or resentment in others—but does not in fact have the effect of disturbing another's peace and quiet—the defendant would be guilty under the state statute and not guilty under the

6

city ordinance. *Compare Zais*, 805 N.W.2d at 39-40 ("The statute does not require that 'others' are actually affected, but does contemplate that such a result could occur as a consequence of the disorderly conduct itself."), *with State, City of Minneapolis v. Lynch*, 392 N.W.2d 700, 704-05 (Minn. App. 1986) (relying on evidence that "the confrontation between appellant and the police" drew a crowd and that "the officers testified that appellant's language had the effect of inciting that crowd" to sustain a conviction of disorderly conduct under the city ordinance).[1]  Therefore, it is possible to commit disorderly conduct under the state statute without also committing disorderly conduct under the city ordinance. "If a person can commit the greater offense, as legally defined, without committing the lesser offense, as legally defined, then the lesser offense is not necessarily included within the greater offense." *State v. Kinsky*, 348 N.W.2d 319, 326 (Minn. 1984). The ordinance is not a lesser-included offense because it is not necessarily proved if the crime under the statute is proved. *See Lory*, 559 N.W.2d at 428; *see also* Minn. Stat. § 609.04, subd. 1(4).

Another notable difference is that the ordinance excludes conduct while a person is "participating in a recognized athletic contest." Therefore, disorderly conduct under the ordinance is not necessarily proved when disorderly conduct under the statute is proved. We conclude that the ordinance is not a lesser-included offense of the statute and

---

[1] *See also State v. Nielson*, No. A11-10, 2011 WL 6141607, at *6-7 (Minn. App. Dec. 12, 2011) (relying on evidence "that appellant engaged in 'boisterous' and 'noisy' behavior that she reasonably should have known would cause others to be alarmed or disturbed" to sustain a conviction under the state statute while relying on evidence that "appellant was screaming and yelling loud enough for C.O. to be 'scared'" to sustain a conviction under the city ordinance).

that the amendment constituted a charge of a "different offense." "By charging a different offense, the . . . amendment falls within the prohibition of Rule 17.05." *Guerra*, 562 N.W.2d at 13.

**Deluney's Substantial Rights**

The amendment also prejudiced Deluney's substantial rights. Rule 17.05 is designed "to protect against confusing the jury, violating due process notions of timely notice, and adversely affecting the [defense's] trial tactics." *Id.* (quotation omitted). "The purpose of restricting the *prosecution* to the charges included in either the complaint or indictment is to provide the defendant with notice and an opportunity to prepare his or her defense." *State v. Gisege*, 561 N.W.2d 152, 157 (Minn. 1997).

The state charged Deluney on July 15, 2013, and amended the assault charge to a gross misdemeanor on October 15, 2013. Witness lists, notices of evidence, discovery requests, and evidentiary motions were submitted by the parties throughout the next five months. The state moved to amend the disorderly conduct charge at 11:30 a.m. on the second day of trial, after it rested. The district court granted the motion at 11:48 a.m., and Deluney testified at 1:10 p.m. Because the state amended the disorderly conduct charge after it rested and immediately before Deluney took the stand, Deluney was deprived of a reasonable opportunity to respond to the different offense.

In addition, before the district court instructed the jury on the elements of the crimes charged, Deluney's counsel argued that the district court should add a mens rea element to the jury instructions on disorderly conduct under the city ordinance. In doing so, Deluney's counsel stated:

8

> Because the ordinance was only added to this case yesterday and I have known that it is . . . being charged here for less than 24 hours, I haven't had the time to do the research on the ordinance . . . to know whether the city council did in fact intend for disorderly conduct to be a strict liability statute.

Therefore, the amendment to a different offense adversely affected the defense's trial tactics. *See Guerra*, 562 N.W.2d at 13-14.

Lastly, the amendment to a different offense may have confused the jury. During deliberations, the jury submitted questions to the district court seeking clarification and examples of what conduct would constitute assault but not disorderly conduct and vice versa. These questions indicate that the jury was confused about the elements of the charges, and this confusion may have been caused by the late amendment to the offense of disorderly conduct under the city ordinance. *See id.* at 13 (noting that "[t]he jury was obviously confused by the change" because the jury asked the district court to clarify with which crimes the appellant had been charged).

We conclude that the district court abused its discretion by granting the state's motion to amend under rule 17.05 because the amendment to a different offense prejudiced Deluney's substantial rights. Our resolution of this issue makes it unnecessary to reach Deluney's additional argument that the district court abused its discretion by denying his motion to strike a juror.

**Reversed.**