STATE of Minnesota, Respondent,

v.

Johnnie N. WALKER, Appellant.

No. 51642.

Supreme Court of Minnesota.

Sept. 18, 1981.

C. Paul Jones, Public Defender, and Margaret G. LaMarche, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael H. McGlennen, Thomas A. Weist and Anne E. Peek, Asst. County Attys., Minneapolis, for respondent.

OTIS, Justice.

Defendant was found guilty by a district court jury of aiding and abetting the commission of aggravated robbery, Minn.Stat. § 609.245 (1978), and was sentenced by the trial court to a prison term of 3 to 20 years. Issues raised by defendant on his appeal from judgment of conviction relate to the sufficiency of the evidence, admission of identification evidence challenged on due-process grounds, use of so-called *Spreigl* evidence to prove identity, and refusal to prohibit use of two prior convictions to impeach defendant if he testified. We affirm.

On the morning of December 29, 1979, two women who were known to the owner of an unlicensed liquor establishment operating out of an apartment in north Minneapolis, accompanied by a man who was not known to the owner, entered the apartment. After a short time, one of the women produced a sawed-off shotgun and demanded money and liquor. When the owner of the business tussled with the woman for control of the gun, the man produced a handgun and aided the woman in successfully completing the robbery.

The victim, who knew the women only by their first names, subsequently identified their pictures and they were arrested. The victim then was shown pictures of five men, including one of defendant, and he immediately and positively identified defendant's picture. At trial he also positively identified defendant. Other-crime evidence, which showed that defendant had participated in a somewhat similar robbery of an acquaintance of an associate of his in St. Paul less than a month later, was admitted because of the weakness of the identification evidence.

1. Defendant's first contention is that the evidence of his guilt was legally insufficient.

Although it is commonly stated that uncorroborated eyewitness identification testimony of a single witness is sufficient to support a guilty verdict, we have recognized that not all single eyewitness cases are the same and have emphasized that when the single witness' identification of a defendant is made after only fleeting or limited observation, corroboration is required if the conviction is to be sustained. *State v. Spann*, 287 N.W.2d 406, 407–8 (Minn.1979).

In this case the victim's positive identification testimony was weakened somewhat by the fact that there was a big discrepancy between his estimate as to the man's height and defendant's height. However, it appears that the man was either seated or standing behind the victim most of the time that he was in the victim's presence. Further, the victim was demonstrably bad at describing people: he described one of the women, whom he had known for a number of years, as weighing 125 pounds when in fact she weighed nearly 200 pounds.

Notwithstanding the explanations for the discrepancy, we would have serious doubt about the sufficiency of the evidence if it were not for the presence in the record of other evidence corroborating the victim's identification testimony. Significantly, defendant admitted to police that he knew the women in question. Further, that defendant had also been independently identified as the perpetrator of a similar criminal act gives added weight to the victim's identification of defendant. This other-crime evi-

dence also discredited defendant's statement to the police that he did not possess a gun and added weight to the victim's identification of defendant as the man with the pistol.

Considering all the evidence, we are satisfied that the evidence of defendant's guilt was sufficient.

2. Defendant's contention that the photographic display at which the victim identified defendant was so unnecessarily suggestive as to create a "very substantial likelihood of irreparable misidentification"—*see Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), and *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)—is without merit.

3. Defendant's contention that the trial court erred in admitting the *Spreigl* evidence is answered by our decisions in *State v. Matteson*, 287 N.W.2d 408 (Minn. 1979), and *State v. Williams*, 307 Minn. 191, 239 N.W.2d 222 (1976). Without discussing each of defendant's arguments bearing on this issue, we hold that the trial court properly admitted the evidence because the evidence of defendant's participation in the other crime was clear and convincing, the evidence was relevant, and the probative nature of the evidence outweighed its potential for unfair prejudice. While there were some dissimilarities in the manner of commission of the charged offense and the *Spreigl* offense, the offenses were quite similar in a number of ways and were also committed within a month of each other and both in the Twin Cities. We reject defendant's contention that the failure to prosecute him for the *Spreigl* offense means that the evidence of his participation in that offense was not clear and convincing. *United States v. Juarez*, 561 F.2d 65, 70 (7th Cir. 1977).

Defendant's final contention is that the trial court erred in refusing to prohibit use of two prior convictions—one in 1973 for aggravated robbery and one in 1975 for aggravated assault—to impeach him if he testified. Minn.R.Evid. 609 provides for the automatic admissibility for impeachment

purposes of convictions for certain crimes of dishonesty and allows for the discretionary admission of convictions for other offenses under certain circumstances. In *State v. Jones*, 271 N.W.2d 534, 538 (Minn.1978), and other cases, we set forth the factors bearing on the exercise of that discretion. In this case some of the factors favored admissibility, some weighed against it, and we conclude that the trial court did not err in exercise of its discretion.

Affirmed.