STATE of Minnesota, Respondent,

v.

Rigoberto R. ALMENGOR, Appellant.

No. 52095.

Supreme Court of Minnesota.

Oct. 2, 1981.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and Jerry Strauss, Asst. County Atty., Minneapolis, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of second-degree (intentional) murder for the 1980 stabbing death of a fellow resident at a transient hotel on Hennepin Avenue in Minneapolis, and was sentenced by the trial court to a prison term of 214 months. On this appeal from the judgment of conviction, defendant contends that the evidence was legally insufficient to establish second-degree murder and that the

trial court prejudicially erred in admitting evidence of a prior remarkably similar murder of a fellow resident of a transient hotel in Chicago in 1979. We affirm.

■ Our examination of the record satisfies us that the evidence was sufficient to prove that the killing was intentional and, further, that the stabbing was not in self-defense, as defendant contended at trial. The testimony of two eyewitnesses established that the stabbing was without justification. That evidence, along with other evidence—including statements, the conduct of defendant, and the number and nature of the wounds—established that defendant intended to kill the victim.

■ Defendant contends that the other-crime evidence should not have been admitted because the Illinois charge, based on the prior act, was dismissed without prejudice. In that case, the eyewitness who had identified defendant as the perpetrator of the crime failed to appear at the preliminary hearing. Although this same eyewitness was called by the state in this case and unconvincingly claimed a loss of memory as to what happened, the state did not need his testimony to establish that the evidence of defendant's participation in the prior crime was clear and convincing. On two occasions, once before the Minneapolis stabbing and once after, defendant told a fellow resident of the hotel that he had previously killed someone in Chicago. Those admissions and other evidence by Chicago policemen who testified at defendant's trial in Minneapolis sufficiently established that the evidence of defendant's participation in the Chicago offense was clear and convincing, and we are satisfied that the trial court did not abuse its discretion in admitting this evidence. *State v. Wakefield*, 278 N.W.2d 307 (Minn.1979)—which holds that evidence of another crime of which the defendant has been acquitted cannot later be used—is distinguishable because the defendant in that case was acquitted of the prior offense. The charge against the present defendant was simply dismissed without prejudice because of the unavailability of the key wit-

ness. *See State v. Walker,* 310 N.W.2d 89 (Minn., 1981).

Affirmed.