**STATE of Minnesota, Respondent,**

v.

**Aman O. ESMAILZADEH, Appellant.**

**No. 51841.**

Supreme Court of Minnesota.

Nov. 13, 1981.

C. Paul Jones, Public Defender, and Robert J. Streitz, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael McGlennen, Thomas A. Weist, Asst. County Attys., Anne E. Peek, Minneapolis, for respondent.

AMDAHL, Justice.

Defendant was found guilty by a district court jury of aggravated robbery, Minn. Stat. § 609.245 (1980), and was sentenced by the trial court to 3 to 20 years in prison. On this appeal from judgment of conviction, defendant challenges the sufficiency of the evidence on the issue of identification. We affirm.

We recently stated in *State v. Walker*, 310 N.W.2d 89 (Minn.1981), that not all single eyewitness identification cases are the same, and we emphasized that when the single witness' identification of a defendant is made after only limited observation, corroboration is required if we are to sustain the conviction. *Id. See State v. Spann*, 287 N.W.2d 406, 407–8 (Minn.1979).

In this case two men, one with a gun, robbed a small liquor store. Only one person, a joint owner of the store, witnessed

the robbery. She described the two men to police and said she felt she would be able to identify them if she saw them again. The next day she identified defendant's picture from six pictures shown her. The day after that defendant was arrested along with one Timothy Becker. The store owner viewed a new photographic display containing a picture of Becker and a new one of defendant. She confirmed her identification of defendant and identified Becker as being the other robber, and identified a hat found in the car in which the two men were riding as being indistinguishable from the hat the gunman wore.

Holding that the identification testimony of the victim was reliable and that it was corroborated by the discovery of the hat and by the fact that the other man she identified was arrested with defendant, a fact she did not know, we conclude that the evidence of defendant's guilt was sufficient.

Affirmed.