STATE of Minnesota, Respondent,

v.

Martin L. WEIBEL, Jr., Appellant.

No. 81–208.

Supreme Court of Minnesota.

Jan. 15, 1982.

C. Paul Jones, Public Defender, and Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Asst. Co. Atty., Appellate Section, Michael McGlennen, Thomas A. Weist, Anne E. Peek and Robert H. Lynn, Assts., Minneapolis, for respondent.

SCOTT, Justice.

Defendant was found guilty by a district court jury of burglary of a dwelling and criminal sexual conduct in the first degree, Minn.Stat. §§ 609.58, subd. 2(1)(b), and 609.342(c) (1980), for unlawfully entering an apartment and sexually assaulting one of the female tenants on the morning of June 1, 1980. The trial court sentenced defendant only for the criminal sexual conduct, to a 43 month prison term, which is the presumptive sentence established by the Sentencing Guidelines for one with a criminal history score of zero who is convicted of this offense. On this appeal from judgment of conviction defendant contends that his conviction should be reversed outright on the ground that the evidence identifying him as the culprit was legally insufficient. Alternatively, he seeks a new trial on the ground that the trial court prejudicially erred in admitting *Spreigl* evidence. We affirm.

1. Defendant's first contention is that the evidence of his guilt was legally insufficient.

Recently in *State v. Walker*, 310 N.W.2d 89, 90 (Minn.1981), we said:

Although it is commonly stated that uncorroborated eyewitness identification testimony of a single witness is sufficient to support a guilty verdict, we have recognized that not all single eyewitness cases are the same and have emphasized that when the single witness' identification of a defendant is made after only fleeting or limited observation, corroboration is required if the conviction is to be sustained. *State v. Spann*, 287 N.W.2d 406, 407–408 (Minn.1979).

310 N.W.2d 90–91.

In this case we need not decide whether the positive identification testimony of the victim alone would have been sufficient to identify defendant as the perpetrator of the acts in question, because our examination of the record satisfies us that there was corroboration. The victim's identification of defendant was corroborated by (a) her identification of defendant's voice in a blind voice lineup, (b) the fact that defendant generally fit the description which the victim gave the police, (c) the other-crime evidence, (d) evidence connecting defendant with the area of the assaults, (e) evidence that defendant kept a long flashlight in his car similar to that carried by the victim's assailant, and (f) evidence contradicting much of defendant's exculpatory testimony.

2. Defendant's other contention is that the trial court prejudicially erred in admitting the other-crime evidence.

This evidence established clearly and convincingly that defendant unlawfully entered the apartment of a woman in the

same geographic area as the victim's residence and was about to sexually assault her before he "abandoned his intent and fled. The other crime was remarkably similar in location, time (less than two weeks later), and modus operandi. The probative value of the evidence also outweighed any potential of the evidence for unfair prejudice. The evidence was needed. Defendant did not claim lack of notice of the state's intent to introduce the evidence or lack of an opportunity to challenge its admissibility, nor does he claim that the court's cautionary instructions concerning the use of the evidence were inadequate. In conclusion, we believe that the trial court did not prejudicially err in admitting the evidence. *State v. Bolts*, 288 N.W.2d 718 (Minn.1980).

Affirmed.