*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0904**

State of Minnesota,
Respondent,

vs.

Morgan Lee Thompson,
Appellant.

**Filed April 25, 2016
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CR-14-25544

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Kate M. Baxter-Kauf, Special Assistant Public Defender, Lockridge Grindal Nauen P.L.L.P., Minneapolis, Minnesota (for appellant)

        Considered and decided by Bjorkman, Presiding Judge; Cleary, Chief Judge; and

Smith, John, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**BJORKMAN**, Judge

Appellant challenges his aggravated-robbery conviction and sentence, arguing that (1) the evidence is insufficient, (2) the district court abused its discretion by allowing the audio portion of a surveillance video to be played for the first time as rebuttal evidence, and (3) the district court erred by denying his motion for a downward dispositional departure. We affirm.

## FACTS

On the evening of July 14, 2014, appellant Morgan Lee Thompson and three companions were traveling from Minneapolis to a friend's home in St. Paul. They took the light rail to Lake Street and then exited the train to catch a bus to St. Paul. Shortly after midnight, Thompson and his companions approached R.H., who was also waiting at the bus stop. Thompson and R.H. began discussing R.H.'s skateboard. Thompson asked if he could try the skateboard. R.H. replied that he could, but that he would need it back in time to get on the bus.

As the bus approached, R.H. chased after Thompson and asked for the skateboard. When Thompson did not respond, R.H. attempted to grab the skateboard. Thompson then reached into his sock, brandished a knife and said, "The board is mine. Give me your backpack. Give me your wallet. Give me your phone. Drop the bag." R.H. fled and managed to catch up with the bus. He told the driver not to let Thompson on the bus because he had a knife. After he got home, R.H. called 911 to report the theft.

During R.H.'s trial testimony, respondent State of Minnesota moved to admit a surveillance recording from the bus into evidence. Thompson objected, asserting the recording lacked foundation, but the district court overruled the objection. As the state attempted to play the recording for the jury, the audio malfunctioned. IT personnel attempted to fix the audio, but were unsuccessful. The state continued and rested its case after presenting only the video portion of the recording.

Thompson testified, admitting that he encountered R.H. at the bus stop and asked to use his skateboard. But Thompson denied having a knife or demanding other property from R.H. He testified that he had trouble stopping the skateboard because he had never ridden one before, and became angry when R.H. tried to grab the skateboard because it caused him to stumble and lose his balance. R.H. told him to keep the skateboard. When he replied that he did not want it, R.H. ran away and boarded the bus. Thompson returned to the area several times in an effort to return the skateboard to R.H.

The next morning, after both sides had rested, the state moved the district court to allow it to play the surveillance recording with the audio as rebuttal evidence.[1] Over Thompson's objection, the district court granted the motion but denied the state's request to play the recording again during closing argument. The audio portion corroborated R.H.'s testimony that he told the driver not to let Thompson on the bus because he had a knife.

---

[1] The district court had not asked the state if it had rebuttal evidence before the state asked to play the video as rebuttal evidence.

The jury found Thompson guilty of first-degree aggravated robbery. Thompson moved for a downward dispositional sentencing departure based on his significant and untreated mental-health and substance-abuse problems. The district court denied the motion and imposed a presumptive 42-month prison sentence. Thompson appeals.

## D E C I S I O N

### I. Sufficient evidence supports Thompson's conviction.

When considering a sufficiency-of-the-evidence challenge, we ascertain whether the facts in the record and the legitimate inferences that can be drawn from those facts would permit a jury to reasonably conclude that the defendant was guilty of the charged offense. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn. 1978). We view the evidence in the light most favorable to the jury's verdict, and assume that the jury believed the state's witnesses and disbelieved any evidence to the contrary. *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). This is especially true when resolution of the matter primarily depends on conflicting testimony. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn. 1980).

Robbery is defined as taking personal property from another while using or threatening the imminent use of force. Minn. Stat. § 609.24 (2012). A person is guilty of first-degree aggravated robbery when, while committing robbery, he "is armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or inflicts bodily harm upon another." Minn. Stat. § 609.245, subd. 1 (2012). Thompson does not dispute that he took R.H.'s skateboard. But he argues that the evidence is not sufficient to prove he did so using

4

force and a dangerous weapon because R.H.'s testimony was impeached and uncorroborated. We disagree.

As a general rule, a conviction may be supported by the testimony of only one witness. *State v. Foreman*, 680 N.W.2d 536, 539 (Minn. 2004). R.H. testified that when he asked for his skateboard Thompson pulled out a knife, told R.H. that he was keeping the skateboard, and demanded R.H.'s other property. If we assume the jury credited this testimony, as we must, the evidence is sufficient to support Thompson's conviction. *See Moore*, 438 N.W.2d at 108 (in reviewing the sufficiency of the evidence this court assumes that the jury believed the state's witnesses and disbelieved any evidence to the contrary). Thompson's arguments that R.H.'s testimony was contradictory and impeached merely repeat the arguments he made to the jury. During closing arguments, Thompson argued that R.H.'s testimony was not credible because he gave inconsistent statements as to where the knife came from and what Thompson was wearing. He also attempted to contradict R.H.'s testimony by arguing that the surveillance video and photographs showed that he was wearing socks that were too short to conceal a knife. The jury plainly rejected these arguments and credited R.H.'s version of events.

Moreover, the cases Thompson cites to support his argument that R.H.'s testimony is insufficient to prove his guilt involve identification of a defendant by a single eyewitness. *See State v. Esmailzadeh*, 312 N.W.2d 117 (Minn. 1981); *State v. Walker*, 310 N.W.2d 89 (Minn. 1981). The cases hold that when a single eyewitness identifies a defendant after only limited or fleeting observation, corroborating evidence is required to support a conviction. *Esmailzadeh*, 312 N.W.2d at 117; *Walker*, 310 N.W.2d at 90.

These cases are inapposite. Identity is not an issue here. Thompson admitted interacting with R.H. and does not on appeal challenge the jury's determination that he took R.H.'s skateboard. The only issue is whether R.H. used force and a weapon while taking R.H.'s property. On this record, we conclude that the evidence is sufficient to support Thompson's conviction of first-degree aggravated robbery.

**II.    The district court did not abuse its discretion by admitting the audio portion of the surveillance recording.**

"The admission of evidence rests within the broad discretion of the [district] court and its ruling will not be disturbed unless it is based on an erroneous view of the law or constitutes an abuse of discretion." *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 45-46 (Minn. 1997) (quotation omitted); *see also* Minn. R. Crim. P. 26.03, subd. 12g (stating on rebuttal, the court may allow a party to reopen a case in the interests of justice); *State v. Anderson*, 405 N.W.2d 527, 531 (Minn. App. 1987) (reviewing the admission of rebuttal evidence under the abuse-of-discretion standard), *review denied* (Minn. July 22, 1987).

Thompson argues that the district court committed reversible error by allowing the audio portion of the surveillance recording to be presented for the first time after the state rested without a sponsoring witness, isolated from other testimony, and when R.H. was not available for cross-examination. We are not persuaded. First, the recording was admitted during R.H.'s testimony. The district court overruled Thompson's foundation objection, and Thompson does not challenge that evidentiary ruling. Second, R.H. contemporaneously testified that he told the bus driver not to let Thompson on the bus

6

because he had a knife. Thompson had the opportunity to and did cross-examine R.H. about this and other aspects of his testimony. The statements R.H. makes to the bus driver captured in the audio recording are consistent with R.H.'s trial testimony.

And while allowing the surveillance recording to be played right before closing arguments may have emphasized its content to some degree, the district court limited this risk by denying the state's request to replay the recording during its closing argument. On this record, we discern no abuse of discretion.

**III.    The district court did not abuse its discretion by imposing a presumptive sentence.**

A district court must order a presumptive sentence unless "identifiable, substantial, and compelling circumstances" justify a departure. *State v. Johnson,* 831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *review denied* (Minn. Sept. 17, 2013). We review a district court's decision to grant or deny a departure from the presumptive sentence for abuse of discretion, *State v. Geller*, 665 N.W.2d 514, 516 (Minn. 2003), and only reverse a presumptive sentence in rare cases. *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

Thompson asserts that the district court abused its discretion by denying his motion for a downward dispositional departure, citing his significant and untreated mental-health and chemical-dependency issues and his traumatic brain injury. We are not persuaded. Our review of the record shows that the district court carefully considered the arguments in favor of granting a downward dispositional departure, including questioning the probation officer about treatment options that would be available if the

7

departure were granted. After noting the issue was close, the district court denied the motion because Thompson had never admitted responsibility for his actions. Accordingly, we conclude that this is not one of those rare cases in which we would reverse a presumptive sentence. *State v. Pegel*, 795 N.W.2d 251, 255 (Minn. App. 2011) (stating that this court "may not interfere with the sentencing court's exercise of discretion, as long as the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." (quotation omitted)).

**Affirmed.**